SUPERB HEALTH FOODS CORP., Plaintiff, and RUBIN SCHRON et al., Respondents, v MICHAEL MARINO et al., Appellants, et al., Defendant.—In an action, inter alia, for rescission of a contract for the sale of a health food and vitamin business, the defendants Michael Marino and Superior Health-Vitamins and Health Foods, Inc. (hereinafter Superior), appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), dated June 27, 1986, as dismissed their first, second, fourth and fifth counterclaims insofar as they are asserted against the plaintiffs Rubin Schron and Joseph Hagler.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On April 1, 1982, the plaintiffs Rubin Schron and Joseph Hagler, as purchasers, and the defendant Superior as seller entered into a contract for the purchase of Superior's vitamin and health food business. Thereafter, as they were permitted to do under the contract, Schron and Hagler assigned their rights under the contract as purchasers to Superb Health Foods Corp. (hereinafter Superb), a newly formed corporation. In relevant part, the contract provided that the total purchase price would be $1,224,000, payable $100,000 at the time of contract, $174,000 on the date of closing and $950,000 payable in 85 monthly installments to be secured by a series of negotiable interest-bearing promissory notes. Pursuant to the terms of the contract to purchase, the notes were executed solely by Superb and were not endorsed by the individual plaintiffs. In fact, in paragraph Twenty-Ninth of the contract to purchase, a handwritten amendment stated "individual Purchasers [are] under no personal liability on the notes". Each note contained an acceleration clause providing for payment in full of the outstanding balance plus attorney's fees in the event of an uncured default. In addition to transferring the assets of the business, the seller represented that there were no judgments against Superior nor any lawsuits pending with respect to the operation of the business.

Following the consummation of its purchase of Superior's business on May 11, 1982, Superb operated the business and paid 31 promissory notes as they became due. During 1984 however, Superb's sales dropped markedly, and the corporation failed to pay promissory note number 32 which was due on January 11, 1985. Before Superior could accelerate payment of the unpaid principal together with accrued interest and attorney's fees, the plaintiffs commenced the instant action seeking to rescind the contract and seeking damages. The complaint alleged that Superior and its president, the defendant Michael Marino, fraudulently withheld information regarding a wrongful death action pending in California against Superior, in violation of the terms of the April 1, 1982 agreement. The plaintiffs further alleged that the publicity engendered by this lawsuit damaged the business, and that if they had known of the pendency of the wrongful death action they would not have purchased the business.

In their answer, the appellants interposed counterclaims seeking to accelerate the unpaid balance of the promissory notes together with interest and attorney's fees as against the plaintiff Superb. In addition, the counterclaims set forth causes of action grounded in fraud and deceit against the plaintiffs Hagler and Schron.

Thereafter, a jury trial was held with regard to the causes of action in the complaint, except for the first cause of action sounding in rescission, and the counterclaims interposed by the defendants. At the close of the entire case, the court submitted the plaintiffs' claims of alleged fraudulent misrepresentations to the jury but withheld the counterclaims from the jury, reserving their resolution to the court. The jury returned a verdict finding that while Superior had fraudulently misrepresented that there were no pending lawsuits against it, no pecuniary loss was suffered by the plaintiffs as a result of that misrepresentation. This, in effect, resulted in a verdict in favor of the appellants on the plaintiffs' causes of action sounding in fraud.

Following the jury verdict, the court, in an oral decision, dismissed the plaintiffs' first cause of action to rescind the contract. The court also granted judgment in favor of the appellants on the counterclaims only against the corporate plaintiff Superb for the unpaid principal balance plus interest and attorney's fees. The court dismissed the appellants' remaining counterclaims, including those brought against the individual plaintiffs. The net result of these determinations was (1) a judgment in favor of the appellants on all the

plaintiffs' causes of action; (2) a judgment in favor of the appellants on their counterclaims against Superb only for the unpaid balance of the purchase price in the sum of $650,960 together with interest and attorney's fees; and (3) a judgment in favor of the individual plaintiffs dismissing all the fraud and breach of contract counterclaims.

The appellants now argue that the trial court committed reversible error in that the question of the individual liability of Hagler and Schron for damages for breach of contract and fraud should have been submitted to the jury for their determination. A review of the record reveals that neither attorney objected to the court reserving the counterclaims for its determination. In fact, during his summation, the trial counsel for the appellants stated that the court, rather than the jury, would determine the counterclaims, as follows: "Mr. Marino's case will be decided by the Court and his counterclaim will be decided as a matter of law by the Court. So the only question for this jury to determine is whether or not, as a result of any alleged misrepresentation on the part of Mr. Marino, the Plaintiffs have proved, not by speculation, doubt or conjecture, but proved by evidence that they sustained a loss, and I submit to you they have not".

Since the appellants consented to the determination of the counterclaims by the court rather than the jury, they cannot now complain about that procedural change in the course of the trial. We assume, therefore, that the appellants' contention on this appeal is that, on the merits, the court erroneously dismissed the counterclaims against Hagler and Schron.

On an appeal from a nonjury determination, our scope of review is as broad as that of the Trial Judge (*Majauskas v Majauskas,* 61 NY2d 481, 493-494; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Broida v Bancroft,* 103 AD2d 88; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.22). While findings by a court without a jury are not lightly set aside in a nonjury case, " 'this court's inquiry is not limited to whether the findings were supported by some credible evidence. If it appears on all the credible evidence that a different finding * * * is not unreasonable, then this court must weigh the relative * * * force of conflicting testimony' " (*Koester v State of New York,* 90 AD2d 357, 363-364, quoting from *Shipman v Words of Power Missionary Enters.,* 54 AD2d 1052, 1053; *see also, D'Arienzo v Manderville,* 106 AD2d 686, 688).

Our review of the record in this case reveals that the

determination of the Trial Judge dismissing the counterclaims against the individual plaintiffs was not against the weight of the credible evidence, was fully supported in the record, and constituted a reasonable assessment of the evidence, giving due consideration to the trial court's advantage of seeing and hearing the witnesses *(see, Kissinger v State of New York,* 126 AD2d 139).

We further note that if we were to construe the court's action in withholding the counterclaims from the jury as tantamount to a directed verdict in favor of the plaintiffs, the trial court's determination was proper. Accepting as true all the evidence offered by the appellants, the jury could not have found in their favor by any rational process *(Reynolds v Morford,* 124 AD2d 978; *see also, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *McCloud v Marcantonio,* 106 AD2d 493; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05). The record contains insufficient evidence of actionable fraud and deceit, reliance or damages on the part of the individual plaintiffs so as to warrant submission of those issues to the jury. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.