■ RAHMAAN MUHAMMAD, Appellant, v GEORGE HYMAN CONSTRUCTION et al., Respondents and Third-Party Plaintiffs-Respondents. WADE ELECTRICAL CONTRACTING COMPANY, INC., Third-Party Defendant-Respondent. [628 NYS2d 681] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about May 17, 1994, which, insofar as appealed from, denied plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

We agree with the IAS Court that apparent inconsistencies between plaintiff's deposition testimony and his affidavit in support of the motion raise an issue of fact whether the carpenter's stud that allegedly struck plaintiff and caused him to fall from a ladder came from above him, and was thus an elevation-related hazard covered by Labor Law § 240(1) (*see, Brooks v City of New York*, 212 AD2d 435). These inconsistences were neither minor nor immaterial and plaintiff was apparently the only witness to the occurrence (*cf., Robinson v NAB Constr. Corp.*, 210 AD2d 86, 87). Nowhere in his deposition did plaintiff state, as he did in his affidavit, that the stud fell from above him, or that there were carpenters working above him at the time of the accident, despite having been asked questions directly on point. Clearly, "a bona fide issue exists as to plaintiff's credibility" (*Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319, 320). Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Williams, JJ.