■ PABLO ORTEGA, Appellant, v CATAMOUNT CONSTRUCTION CORP. et al., Respondents. [640 NYS2d 99] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered October 25, 1995, which, *inter alia*, denied plaintiff's motion for partial summary judgment on the issue of liability in this negligence action, unanimously affirmed, without costs.

The details of the alleged accident, as provided only by plaintiff, are vague (*see, Muhammad v Hyman Constr.*, 216 AD2d 206). While a failure to provide overhead protection from falling debris that in turn causes a fall from a ladder may constitute a per se violation of the statute (*see, Guillory v Nautilus Real Estate*, 208 AD2d 336, *appeal dismissed and lv denied* 86 NY2d 881), issues of fact remain as to the circumstances under which plaintiff was performing the asbestos removal work on a ladder, instead of from scaffolding provided by defendant Acoustic Technology Corp. Plaintiff's statement that there was no scaffolding in the area in which he was working when the accident occurred was contradicted by an Acoustic supervisor. Moreover, plaintiff did not explain why he proceeded to use a ladder when he knew that only scaffolding was being utilized by other workers. Thus, as the IAS Court noted, a question of fact exists as to whether plaintiff acted as a " 'recalcitrant worker' ", i.e., one who refused to use the proper equipment that was provided (*see, Stolt v General Foods Corp.*, 81 NY2d 918, 920), in which case strict liability would not be imposed. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.