■ Thomas J. Watso et al., Respondents, v Metropolitan Life Insurance Company et al., Appellants. (And a Third-Party Action.) [644 NYS2d 399] —Crew III, J.

Plaintiff Thomas J. Watso (hereinafter Watso) was injured

on May 1, 1991 when he fell from the superstructure of a building under construction. At the time of his fall, Watso had been welding bridging to metal joists that were to form the roof of the building. As the result of injuries sustained in the fall, Watso and his wife, derivatively, commenced this action against defendant Metropolitan Life Insurance Company, the agent for the owner of the property, and defendant Gilbane Building Company, as general contractor, alleging, *inter alia*, a violation of Labor Law § 240 (1). Following joinder of issue and pretrial discovery, plaintiffs moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Supreme Court granted the motion and defendants appeal.

The record reveals that prior to Watso's fall, vertical columns had been erected which were connected by horizontal steel beams. Bar joists, approximately 30 feet in length, had been welded to the beams at intervals of five feet. When Watso fell, he was engaged in welding bridging between the joists to stabilize them. In order to accomplish that task, Watso would walk on a joist to the point where the bridging was to be installed, weld the bridging to the joist, walk back along the joist to the beam and then move to the next joist, where he would weld the other end of the bridging. It is undisputed that during the course of his work, Watso was wearing a safety belt with a five-foot lanyard and that defendants had installed a static line, which ran perpendicular to the bar joists, to which Watso was to "tie off" in order to prevent a free-fall should he lose his balance.

In support of their motion for partial summary judgment, plaintiffs submitted, *inter alia*, Watso's deposition testimony, wherein he asserted that at the time of his fall, he was not tied off to the static line because it was positioned eight feet from where he was required to weld a bridge and his lanyard, being only five feet in length, could not reach the static line. That testimony clearly satisfied plaintiffs' burden of establishing, prima facie, that the safety device provided by defendants was not so placed as to give proper protection to Watso (*see generally, Goldthwait v State of New York*, 120 AD2d 969).

In opposition to plaintiffs' motion, defendants offered evidence that the static line was not taut but, rather, was loose and capable of being stretched out onto the bar joists so that iron workers welding the bridging could and should be able to tie off. Defendants' evidence tended to demonstrate that Watso, rather than being unable to tie off, purposefully did not do so. Under the circumstances, defendants have established a legitimate triable issue of fact as to whether the static line afforded

Watso proper protection (*see, Blair v Rosen-Michaels, Inc.*, 146 AD2d 863, 864-865) and, hence, whether Watso was a recalcitrant worker to whom the protections of Labor Law § 240 (1) do not apply (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563; *Vona v St. Peter's Hosp.*, 223 AD2d 903, 904-905).

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.