■ RAMON VASQUEZ et al., Appellants, v G.A.P.L.W. REALTY, INC., Respondent and Third-Party Plaintiff-Respondent. RE-

NEWAL ARTS CONTRACTING, INC., Third-Party Defendant-Respondent. [654 NYS2d 16] —Order, Supreme Court, New York County (Norman Ryp, J.), entered on or about September 11, 1996, which, to the extent appealed from, as limited by plaintiffs' brief, denied plaintiffs' motion for summary judgment, unanimously affirmed, without costs.

Order, same court and Justice, entered on or about September 11, 1996, which granted third-party defendant Renewal Arts Contracting, Inc.'s motion for an order vacating plaintiffs' note of issue and certificate of readiness to the extent of directing all parties to conduct and complete any and all pretrial discovery on or before October 31, 1996, unanimously reversed, on the law, without costs, and the motion denied in its entirety.

An issue of fact exists as to the applicability of the "recalcitrant worker" defense to plaintiffs' claim under Labor Law § 240 (1) (*see, Ortega v Catamount Constr. Corp.*, 226 AD2d 154). Evidence suggests that plaintiff employee wore the safety belt, but did not attach it to the energy absorbing lanyard, after having attached the device properly earlier in the day, raising the possibility that he "purposefully did not" use the device properly after his lunch break (*Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883, 884).

As to the second order, even were we to conclude that the motion to strike the note of issue, on the basis of the third-party defendant's alleged need for additional discovery, was meritorious, we would nonetheless find that it was made without any affirmation of good faith as required by 22 NYCRR 202.7 (a). Therefore, summary denial of the motion is mandated (*see, Koelbl v Harvey*, 176 AD2d 1040). Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.