■ JOHN T. DAVIS et al., Appellants-Respondents, v BOARD OF TRUSTEES OF THE HICKSVILLE PUBLIC LIBRARY OF THE HICKS-

ville Union Free School District et al., Respondents, and Marel Construction Co., Inc., Defendant and Third-Party Plaintiff-Respondent. Licon Associates, Inc., Third-Party Defendant-Respondent-Appellant. [658 NYS2d 648] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated June 21, 1996, as denied their motion for summary judgment on the issue of liability under Labor Law § 240 (1), and the third-party defendant separately appeals from so much of the same order as granted the third-party plaintiff's cross motion for summary judgment on the issue of common-law and contractual indemnification.

Ordered that the order is modified by deleting the provision thereof which denied the plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1), and substituting therefor a provision granting the plaintiffs' motion for summary judgment; as so modified, the order is affirmed, without costs or disbursements.

The defendant Board of Trustees of the Hicksville Public Library of the Hicksville Union Free School District contracted with the codefendant Marel Construction Co., Inc. (hereinafter Marel), to perform construction and repair work at the Hicksville Public Library. Marel subcontracted with the third-party defendant Licon Associates, Inc. (hereinafter Licon), to do the roof repair work. The plaintiff John T. Davis (hereinafter the plaintiff) was Licon's employee who was injured on the job when he fell from a ladder. The plaintiff commenced the instant action against the defendants to recover for his injuries. Marel commenced a third-party action against Licon for indemnification.

The plaintiff moved for summary judgment based on Labor Law § 240 (1). Although the Supreme Court found that there was no question of fact regarding the violation of Labor Law § 240 (1), summary judgment was denied on the ground that the defendants' "recalcitrant worker" defense raised issues of fact that could not be resolved from the submitted pleadings and evidence. The court found no evidence of negligence on Marel's part and granted Marel's cross motion against Licon for summary judgment on the issue of indemnification.

The plaintiff contends that the court misapplied the controlling law on the recalcitrant worker defense in denying his motion. We agree. "[T]he 'recalcitrant worker' defense may allow a defendant to escape liability under [Labor Law §] 240 (1). The defense requires a showing that the injured worker refused

to use the safety devices that were provided by the owner or employer" *(Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563, citing *Stolt v General Foods Corp.,* 81 NY2d 918, 920).

Neither the mere presence of alleged safety devices somewhere on the job site *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Heath v Soloff Constr.,* 107 AD2d 507, 512), nor the mere fact that generalized safety instructions were given at some point in the past *(see, Gordon v Eastern Ry. Supply, supra; Stolt v General Foods Corp., supra; compare, Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946) are sufficient to raise a triable issue of fact as to the defendants' recalcitrant worker defense. Accordingly, since there is no doubt as to the Labor Law § 240 (1) violation, the plaintiff was entitled to summary judgment on the issue of liability.

The Supreme Court correctly granted the cross motion of the third-party plaintiff, Marel, for summary judgment on the issue of common-law and contractual indemnification. It is well settled that a contractor who is not otherwise negligent but who may nevertheless be vicariously liable under the Labor Law is entitled to common-law indemnification from the negligent party *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1). Furthermore, without a finding of negligence on the part of the contractor, the prohibition against indemnifying a contractor for its own negligence pursuant to General Obligations Law § 5-322.1 is inapplicable *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). Here, Licon failed to raise a triable issue of fact that Marel was negligent.

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third-parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by an employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment *(see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.