■ THOMAS ISNARDI, Respondent, v GENOVESE DRUG STORES, INC., Defendant, and ROBBINS & COWAN, INC., Defendant and Third-Party Plaintiff-Appellant. JOE DEMASCO, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [662 NYS2d 792] —In an action to recover damages for personal injuries, the defendant third-party plaintiff Robbins & Cowan, Inc., and the third-party defendant Joe Demasco, separately appeal from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), entered January 2, 1996, as granted the plaintiff summary judgment against the defendants Genovese Drug Stores, Inc., and Robbins & Cowan, Inc., on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) is denied.

On the morning of September 13, 1993, the plaintiff Thomas Isnardi was injured when he fell from a double "Baker" scaffold while performing demolition work on premises owned by the defendant Genovese Drug Stores, Inc. (hereinafter

Genovese). The plaintiff subsequently commenced this action against Genovese and the general contractor, Robbins & Cowan, Inc. (hereinafter Robbins & Cowan), alleging, *inter alia*, that they had violated Labor Law § 240 (1) by failing to provide him with scaffolding or "other devices which shall be so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]). The general contractor thereafter commenced a third-party action for indemnification against its demolition subcontractor, Joe Demasco, who was the plaintiff's employer on the date of the accident.

The appellants contend that the Supreme Court erred in granting the plaintiff summary judgment on the issue of liability under Labor Law § 240 (1) because an issue of fact exists as to whether he was a recalcitrant worker who refused to use the adequate and safe scaffolding which had been provided to him. We agree. The plaintiff's deposition testimony reveals that although he was instructed to use a "pipe" scaffold which his employer had set up at the work site, he nevertheless decided to utilize an allegedly less stable "Baker" scaffold owned by one of the project's other subcontractors. Moreover, the parties submitted conflicting evidence on the issue of whether the pipe scaffold provided was too large for use in the vestibule area where the demolition work was being performed. Under these circumstances, there is an issue of fact as to whether the plaintiff was a recalcitrant worker to whom the protections of Labor Law § 240 (1) do not apply (*see, Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946; *Vasquez v G.A.P.L.W. Realty,* 236 AD2d 311; *Watso v Metropolitan Life Ins. Co.,* 228 AD2d 883). Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.