■ ALEXANDER PHILLIPS, an Infant, by His Parents and Natural Guardians, KATHLEEN PHILLIPS et al., Appellant, v AMUSEMENTS OF ROCHESTER, INC., Respondent. [667 NYS2d 580] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs' son was injured on an amusement park ride owned and operated by defendant. The ride, called the Gravitron, rotates in a circular motion at high speed, and centrifugal force pushes riders back against their seats. Riders do not wear safety belts. Plaintiffs allege that the centrifugal force sucked their son into a cavity behind his seat, causing him to sustain cuts on his face. Supreme Court erred in granting defendant's cross motion for summary judgment dismissing the complaint (see, Brancati v Bar-U-Farm, 183 AD2d 1027, 1030; see generally, Rotuba Extruders v Ceppos, 46 NY2d 223, 231). Defendant met its initial burden, establishing as a matter of law that there was no defect in the ride that caused the injury and that it fulfilled its duty of reasonable care (see, Luftig v Steinhorn, 21 AD2d 760, affd 16 NY2d 568). It submitted evidence that no one else had been injured on the Gravitron, that its employees had found no missing or loose panels on the equipment on the day of the accident and that it made no repairs to the ride after the accident. However, plaintiffs raised an issue of fact whether there was a missing panel that caused their son to be sucked upward in the machine and injured. At his deposition, plaintiffs' son testified that he noticed a "big black space where all the panels were", with one missing at his location. Any inconsistency in the deposition testimony of plaintiffs' son, a child under the age of 10 at the time of the deposition, concerning the issue of the missing panel, merely presents a credibility issue for the trier of fact (see, Krampen v Foster, 242 AD2d 913; see also, Muhammad v Hyman Constr., 216 AD2d 206; Hourigan v McGarry, 106 AD2d 845, 845-846). We modify the order, therefore, by denying defendant's cross motion for summary judgment and reinstating the complaint. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.