■ JACOB JOB, Appellant, v 1133 BUILDING CORP., Defendant and Third-Party Plaintiff-Respondent. BIG APPLE WRECKING AND HRH CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. [674 NYS2d 710] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 25, 1997, as denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sustained injuries from a fall which occurred while he was dismantling a scaffold at a building owned by the defendant third-party plaintiff, 1133 Building Corp. The

plaintiff commenced the instant action against 1133 Building Corp. and thereafter moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). On his motion for partial summary judgment, the plaintiff contended that he had not been provided with any safety devices which would have prevented his fall.

1133 Building Corp. opposed the motion and commenced a third-party action against the plaintiff's employer, Big Apple Wrecking and HRH Construction Corporation, which also opposed the plaintiff's motion. In opposition to the motion, an affidavit of the plaintiff's foreman was provided, wherein the foreman alleged that a safety belt had been provided to the plaintiff, which was stored at the end of each day with the plaintiff's workclothes in the shanty on the worksite. The foreman further alleged that the plaintiff was instructed, at weekly safety meetings, to use the safety belt, that the plaintiff had always previously worn the safety belt, and that the safety belt was available to the plaintiff on the date of the accident. The Supreme Court, finding that there was a triable issue of fact regarding whether the plaintiff was a "recalcitrant worker" in that the plaintiff refused to make use of an available safety device, denied the plaintiff's motion for partial summary judgment. We affirm.

The plaintiff's motion for partial summary judgment was properly denied as there was conflicting evidence as to whether a safety device was provided to the plaintiff and whether the plaintiff refused to use the safety device (see, Isnardi v Genovese Drug Stores, 242 AD2d 671; Jastrzebski v North Shore School Dist., 223 AD2d 677, affd 88 NY2d 946; Vasquez v G.A.P.L.W. Realty, 236 AD2d 311; Watso v Metropolitan Life Ins. Co., 228 AD2d 883).

The plaintiff's remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.