■ KLEVER LOZADA et al., Respondents, v STATE OF NEW YORK, Appellant. [700 NYS2d 38] —In a claim to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Court of Claims (Silverman, J.), dated October 14, 1998, which, after a nonjury trial, is in favor of the claimants and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, judgment is granted in favor of the defendant, and the claim is dismissed.

Klever Lozada (hereinafter the claimant) was injured when he fell from an elevated platform on a truck. The claimant was not wearing a safety belt at the time of the accident. The Court of Claims found that there was a working safety line at the time of the accident to which the claimant could have attached a safety belt. The claimant's own testimony established that safety belts were located in a drawer underneath the platform from which he fell, and that he had been repeatedly told to wear a safety belt when working on the platform.

At trial the defendant contended that it was entitled to judgment in its favor because the claimant was a recalcitrant worker who refused to wear the safety belt although he had been advised to do so a number of times. The Court of Claims rejected this argument finding that there was no evidence that on the day of the accident anyone told the claimant to wear the safety belt and that he deliberately refused to do so. On appeal, the defendant alleges that the Court of Claims applied the wrong standard in evaluating the recalcitrant worker defense and that it is entitled to judgment as a matter of law dismissing the claim.

Initially, we note that " '[o]n an appeal from a nonjury determination, our scope of review is as broad as that of the Trial Judge' " (*Marren v State of New York,* 142 AD2d 717, 718; *Superb Health Foods Corp. v Marino,* 138 AD2d 366, 368). We agree with the defendant that the Court of Claims improperly analyzed the recalcitrant worker defense. "The defense is premised upon the principle that 'the statutory protection [of Labor Law § 240 (1)] does not extend to workers who have adequate and safe equipment available to them but refuse to use it' " (*Jastrzebski v North Shore School Dist.,* 223 AD2d 677, 679, *affd* 88 NY2d 946; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 366). Based on our review of the record we find that the defendant established that appropriate safety devices were made available to the claimant, that he had been instructed on numerous occasions to use the devices, and declined to do so. Accordingly, the defendant is entitled to

judgment as a matter of law dismissing the claim (see, Job v 1133 Bldg. Corp., 251 AD2d 459). Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.