■ GERARD GNIEWEK, Appellant, v CONSOLIDATED EDISON Co., Respondent. [707 NYS2d 871] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated March 17, 1999, which denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

It is well established that summary judgment will be granted only if there are no triable issues of fact (*see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Issue finding, rather than issue determination, is the key to summary judgment (*see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261). The court should refrain from making credibility determinations (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341), and the papers should be scrutinized carefully in the light most favorable to the party opposing the motion (*see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976). Contrary to the plaintiff's arguments, the court properly determined that there was a triable issue of fact as to whether he was a "recalcitrant worker" for purposes of Labor Law § 240 (1) (*see,*

*Watso v Metropolitan Life Ins. Co.,* 228 AD2d 883; *Hickey v Perry & Sons,* 223 AD2d 799; *Ortega v Catamount Constr. Corp.,* 226 AD2d 154). Similarly, there are questions of fact as to the plaintiff's comparative negligence for purposes of Labor Law § 241 (6) (*see, Drago v New York City Tr. Auth.,* 227 AD2d 372, 373). Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.