■ JAMES I. DE TURCK, Appellant, v CORNELL UNIVERSITY, Respondent. [760 NYS2d 590] —Rose, J. Appeal from that part of

an order of the Supreme Court (Castellino, J.), entered September 17, 2002 in Chemung County, which denied plaintiff's motion for partial summary judgment.

Plaintiff, a roofer employed by Charles F. Evans Roofing (hereinafter Evans) in replacing the roof on one of defendant's buildings, commenced this action against defendant, alleging that a violation of Labor Law § 240 (1) caused him to fall from the roof and sustain severe injuries. At the time of the accident, plaintiff and his coworkers were in the process of removing and piling old roofing and insulation at the edge of the roof for later removal. As plaintiff walked along the edge of the roof to get around this pile to a spot where he intended to assist a coworker in dropping the accumulated materials into a truck below, he slipped and fell. Evans had provided a lifeline on the roof, and although plaintiff had previously hooked his lanyard to it as Evans had instructed, plaintiff unhooked the lifeline just before he fell. Supreme Court denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and plaintiff now appeals.

We affirm. It is undisputed that plaintiff was not hooked to the lifeline when he fell and there is no evidence that the lifeline broke or otherwise failed to support him. Rather, the pertinent factual dispute as to the adequacy of the safety device provided here is whether plaintiff could have used the lifeline while performing the work. In his affidavit, plaintiff averred that, due to the pile of insulation on the lifeline, it was not possible for him to be hooked to the lifeline while dropping insulation from the roof. While the coworker confirmed, and defendant did not dispute, that plaintiff could not hook to the lifeline at the point where he fell, the coworker's sworn statement also indicates that the work could have been performed while hooked to another section of the lifeline. Given this material issue of fact as to whether the lifeline and lanyard were adequate for plaintiff's proper protection, we find no error in Supreme Court's decision to deny partial summary judgment to plaintiff (*see Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 692 [2000]; *Kulp v Gannett Co.*, 259 AD2d 969, 969 [1999]; *Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883, 884 [1996]; *Garhartt v Niagara Mohawk Power Corp.*, 192 AD2d 1027, 1029 [1993]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.