JORGE A. PALACIOS, Respondent, v LAKE CARMEL FIRE DEPARTMENT, INC., Appellant. (And Third-Party Actions.) [790 NYS2d 185]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an or-

der of the Supreme Court, Queens County (Kitzes, J.), dated June 23, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1) is denied.

The plaintiff allegedly was injured when he fell from an aluminum extension ladder while attempting to install metal studs for the roof soffit of a new firehouse. The plaintiff testified at his deposition that he was using a ladder, rather than a scaffold, because the owner of the company that employed him, the third-party defendant NAK Design & Construction Corp., had instructed him not to disassemble and move a large scaffold that was adjacent to the work area.

The owner of the company and the on-site supervisor told a somewhat different story at their depositions. They testified that on the day of the accident, the plaintiff was working on an outdoor concrete platform on the second story of the south side of the firehouse under construction and he had performed identical work on the north side of the building on the previous workday. His work required that he use a chop saw located inside the building which he accessed through a door immediately adjacent to his work area. They also testified that on the morning of the accident, the owner instructed him not to use the ladder but to use the same three-foot by eight-foot scaffold, which was assembled and had wheels with brakes, that he used on the north side of the building. At the time of the accident, the scaffold was inside the building that was under construction on the same floor where the plaintiff was working. Both testified that the scaffold was not in use at the time and that the plaintiff could have used it, either by rolling it through the door that was adjacent to the plaintiff's work area, or by disassembling it, carrying it through the door, and reassembling it, all of which could have been done in a matter of minutes.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging violation of Labor Law § 240 (1) by establishing that he fell from an unsecured ladder while engaged in a work-related activity at the elevated work site (*see Andino v BFC Partners,* 303 AD2d 338, 340 [2003]; *Mannes v Kamber Mgt.,* 284 AD2d 310, 310 [2001]). In opposition, the defendant raised a triable issue of fact regarding the availability of adequate safety devices. A

defendant may escape liability under Labor Law § 240 (1) when it is shown that the injured worker refused to use the safety devices provided by the employer (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563 [1993]; *Mangione v Smith,* 301 AD2d 635, 636 [2003]; *Devine v Chase Manhattan Bank,* 276 AD2d 664 [2000]; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677, 679 [1996], *affd* 88 NY2d 946 [1996]; *Isnardi v Genovese Drug Stores,* 242 AD2d 671, 672 [1997]). However, it is not enough to defeat liability to show "the mere presence of alleged safety devices somewhere on the job site . . ., nor the mere fact that generalized safety instructions were given at some point in the past" (*Davis v Board of Trustees of Hicksville Pub. Lib. of Hicksville Union Free School Dist.,* 240 AD2d 461, 463 [1997]). Here, the defendant's proof consisted of deposition testimony that the plaintiff was instructed to use a scaffold rather than a ladder, that the plaintiff used the scaffold to perform the same work on a different section of the building on the previous workday, and that the scaffold was located within the building where the plaintiff was cutting the materials he was installing. Because this testimony raised triable issues of fact regarding the availability of adequate safety devices and the plaintiff's conduct as a recalcitrant worker who deliberately refused to use such devices, summary judgment should have been denied (*see Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35 [2004]; *Allen v Village of Farmingdale,* 282 AD2d 485, 487 [2001]; *Lozada v State of New York,* 267 AD2d 215, 215-216 [1999]; *Job v 1133 Bldg. Corp.,* 251 AD2d 459, 460 [1998]). H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.