■ DAVID TRAVER et al., Appellants-Respondents, v VALENTE HOMES, INC., Respondent-Appellant. [799 NYS2d 318]—

Rose, J. Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered December 28, 2004 in Saratoga County, which, inter alia, partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff David Traver (hereinafter plaintiff) was employed as

---

a mason to build stone piers under an elevated exterior deck at a home being constructed by defendant, the project's general contractor. To protect the masonry work from an expected rainfall, plaintiff spread a plastic tarpaulin over the open floor joists of the unfinished deck. The next day, as he was attempting to remove pooled rainwater from the plastic, plaintiff fell approximately 11 feet from the joists and sustained injuries. Plaintiff and his wife thereafter commenced this action based upon common-law negligence and Labor Law §§ 200, 240 and 241. Following disclosure, defendant moved for summary dismissal of the complaint and plaintiffs cross-moved for partial summary judgment on the alleged violations of Labor Law §§ 240 and 241. Supreme Court dismissed plaintiff's common-law negligence and Labor Law § 200 claims only, and otherwise denied the parties' motions. Plaintiffs and defendants now cross-appeal.

Labor Law § 240 (1) requires property owners and contractors to furnish or cause to be furnished safety devices, such as scaffolds, which are "so constructed, placed and operated as to give proper protection" to workers. In order to impose liability under the statute, a plaintiff must demonstrate that the statute was violated and that the violation was a contributing cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). No such liability will be imposed when it is shown that an adequate safety device was provided and the injured worker either neglected to use the device or misused it so that the worker's own conduct was the sole cause of his or her injury (*see Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 290-292; *Danton v Van Valkenburg*, 13 AD3d 931, 932 [2004]; *Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 158-160 [2003]).

Plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action by establishing that no safety devices were provided on the unfinished deck to protect him from falling from the joists while he was attempting to remove the pooled water from the plastic tarpaulin (*see e.g. Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Heidelmark v State of New York*, 1 AD3d 748, 749 [2003]). As for the admittedly available scaffolding situated under the open joists, plaintiff asserted in his affidavit that it was not high enough for him to stand on it to remove the water.

In response, however, defendant raised a material question of fact as to whether the scaffold was of sufficient height to make

it unnecessary for plaintiff to climb onto the open joists of the deck to remove the water. Defendant pointed to plaintiff's deposition testimony that he had used the scaffolding the day before to place the plastic tarpaulin through the joists from below. Thus, a triable issue of fact exists as to whether the accident was proximately caused by the failure to provide an adequate safety device or by plaintiff's own actions in using the deck joists rather than the scaffold (*see Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461, 463 [2005]; *De Turck v Cornell Univ.*, 305 AD2d 970, 971 [2003]). This same issue of fact precludes summary judgment as to plaintiffs' Labor Law § 241 (6) claim.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.