MICHAEL G. MILLER, Respondent, v SPALL DEVELOPMENT CORPORATION, Appellant. [846 NYS2d 496]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered August 17, 2006 in a Labor Law and common-law negligence action. The order, insofar as appealed from, granted that part of plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from the top cap of a four-foot stepladder. We conclude that Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment on liability under Labor Law § 240 (1). In order to establish his entitlement to judgment on liability as a matter of law, plaintiff was required to "show that the statute was violated and that the violation proximately caused his injury" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]), and we conclude that plaintiff failed to meet his initial burden. Plaintiff

has no recollection of the accident, and the only other person present when he fell was a coworker who did not see him fall from the ladder. We thus conclude that plaintiff failed to establish in the first instance that any alleged inadequacy of the ladder was a proximate cause of plaintiff's fall. Notably, the only evidence of plaintiff's activity on the ladder immediately before he fell is that he was arguing with the coworker. Furthermore, plaintiff's expert admitted that he had examined the wrong ladder, and thus plaintiff failed to submit any competent expert evidence that the ladder was inadequate for the task in which plaintiff was engaged at the time he fell. Thus, it would be mere speculation to determine that the ladder failed to afford plaintiff proper protection for the work he was undertaking. We note in addition that the coworker testified at his deposition that he did not see the ladder shift or kick out immediately before plaintiff fell, nor did he observe that the ladder shook or moved, and an emergency medical technician testified at her deposition that the ladder was upright when she arrived at the scene. Although in reply to defendant's opposing papers plaintiff submitted an affidavit of the coworker stating that the ladder had fallen, we do not consider plaintiff's reply papers in determining whether plaintiff met his initial burden (*see Wonderling v CSX Transp., Inc.,* 34 AD3d 1244, 1245 [2006]).

Even, assuming, arguendo, that plaintiff met his initial burden with respect to Labor Law § 240 (1) liability, we conclude that defendant raised triable issues of fact to defeat that part of plaintiff's motion, i.e., "there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake,* 1 NY3d at 289 n 8). In particular, defendant raised issues of fact whether the ladder provided proper protection, whether plaintiff's misuse of the ladder was the sole proximate cause of plaintiff's injuries and whether the coworker's having pushed plaintiff off the ladder was a proximate cause of his injuries. Contrary to the court's determination, defendant in fact submitted competent expert evidence sufficient to raise an issue of fact whether the ladder was adequate for plaintiff's work. Although the coworker testified at his deposition to the effect that he and plaintiff should have been using eight-foot stepladders because they could not perform their work without stepping on the top of the four-foot stepladder, that deposition testimony merely raises an issue of fact with respect to the adequacy of the ladder in view of the affidavit of defendant's expert to the contrary. Moreover, unnecessarily standing on the top cap of a stepladder constitutes a misuse of the ladder, and defendant raised an issue of fact by its

expert affidavit whether it was necessary for plaintiff to do so and, if not, whether plaintiff's own actions were the sole proximate cause of plaintiff's injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Letterese v State of New York*, 33 AD3d 593 [2006]; *cf. Izzo v AEW Capital Mgt.*, 288 AD2d 268 [2001]). Lastly, in light of the numerous contradictory admissions of plaintiff on the issue whether his coworker pushed him off the ladder, we further conclude that there is a triable issue of fact whether there was a statutory violation or whether the coworker's actions were the sole proximate cause of the accident (*see Martucci v Tirro Constr. Corp.*, 192 Misc 2d 22, 29 [2002]; *see generally Blake*, 1 NY3d at 289 n 8).

In light of our determination, we need not reach defendant's remaining contentions, but we conclude in any event that they are without merit. Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.