■ JOANNE LOVALL, as Executor of ANDREW R. BASCH, Deceased, Respondent, v GRAVES BROS., INC., et al., Appellants. (Appeal No. 1.) [879 NYS2d 862]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered January 5, 2007 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the common-law negligence cause of action and the Labor Law §§ 200 and 241 (6) claims except insofar as the latter claim is based upon the alleged violation of 12 NYCRR 23-1.21 and as modified the order is affirmed without costs.

Memorandum: Andrew R. Basch (decedent) commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from an extension ladder. Basch had placed that ladder on a pitched driveway to work on the front of a garage, and the ladder "kicked out." We note that decedent died after these appeals were taken and that plaintiff has been substituted as executor of his estate. In appeal No. 1, defendants contend that Supreme Court erred in denying their

motion for summary judgment dismissing the complaint and, in appeal No. 2, plaintiff contends that the court erred in denying decedent's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim.

With respect to appeal No. 1, we conclude that the court properly denied that part of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim. To be held liable pursuant to section 240 (1), "the owner or contractor must breach the statutory duty . . . to provide a worker with adequate safety devices, and [that] breach must proximately cause the worker's injuries" (*Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). Where, however, the "actions [of the worker are] the sole proximate cause of his or her injuries . . . [,] liability under Labor Law § 240 (1) [does] not attach" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Thus, "if adequate safety devices are available at the job site, but the worker either does not use or misuses them," then the owner or contractor will not be held liable pursuant to Labor Law § 240 (1) (*Robinson*, 6 NY3d at 554; *see Gallagher v New York Post*, 55 AD3d 488, 490 [2008]).

Here, defendants established in support of their motion that the stepladders and planks necessary to erect the scaffolding for decedent to access the garage were available to him. Defendants submitted the deposition testimony of decedent's supervisor in which he testified that he instructed decedent to use the scaffolding rather than the extension ladder because of the pitched driveway and that the scaffolding would have been secure because it would be placed closer to the garage, where the ground was level. In addition, however, defendants submitted the deposition testimony of decedent stating that he was never told to use the scaffolding rather than the extension ladder. Thus, by their own submissions, defendants raised a triable issue of fact whether decedent knew that he should have used the scaffolding to access the garage but chose not to do so, and they therefore failed to establish their entitlement to judgment as a matter of law (*cf. Cahill*, 4 NY3d at 40).

The court also properly denied that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based upon the alleged violation of 12 NYCRR 23-1.21. Defendants failed to meet their initial burden inasmuch as they failed to establish that the regulation is not applicable to the facts of the case, that they did not violate it, or

that the alleged violation was not a proximate cause of decedent's injuries (*see Whalen v ExxonMobil Oil Corp.*, 50 AD3d 1553, 1554 [2008]). We conclude, however, that the Labor Law § 241 (6) claim with respect to the remaining Industrial Code sections set forth in the bill of particulars has been abandoned, and thus the Labor Law § 241 (6) claim should be dismissed except insofar as it is based upon the alleged violation of 12 NYCRR 23-1.21 (*see Roosa v Cornell Real Prop. Servicing, Inc.*, 38 AD3d 1352, 1354 [2007]; *Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1134 [2006]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We therefore modify the order in appeal No. 1 accordingly.

The court also erred in denying those parts of defendants' motion with respect to the Labor Law § 200 claim and common-law negligence cause of action, and we therefore further modify the order in appeal No. 1 accordingly. "Defendants established that they exercised no control over the manner or method of [decedent's] work," and decedent failed to raise a triable issue in opposition to the motion (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428 [2007]; *see Brunette v Time Warner Entertainment Co., L.P.*, 32 AD3d 1170 [2006]; *see generally Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]).

With respect to the order in appeal No. 2, we conclude that the court properly denied decedent's motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim. Decedent failed to meet his initial burden of establishing that his actions were not the sole proximate cause of the accident inasmuch as he submitted the deposition testimony of his employer indicating that he was instructed to use the scaffolding. (*see Gallagher*, 55 AD3d at 490; *cf. Baker v Essex Homes of W. N.Y., Inc.*, 55 AD3d 1332 [2008]). Present— Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.