# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1382**
**CA 12-00986**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

DAVID E. KUNTZ, SR., PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

WNYG HOUSING DEVELOPMENT FUND COMPANY INC.
AND WNY GROUP L.P., DEFENDANTS-RESPONDENTS.
-----------------------------------------------
WNYG HOUSING DEVELOPMENT FUND COMPANY INC.,
AND WNY GROUP L.P., THIRD-PARTY
PLAINTIFFS-RESPONDENTS,

V

CATENARY CONSTRUCTION CORP., THIRD-PARTY
DEFENDANT-RESPONDENT.

---

MODICA & ASSOCIATES, ATTORNEYS, PLLC, ROCHESTER (STEVEN V. MODICA OF COUNSEL), FOR PLAINTIFF-APPELLANT.

THE LAW FIRM OF JANICE M. IATI, P.C., ROCHESTER (JANICE M. IATI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS.

LAW OFFICE OF LAURIE G. OGDEN, ROCHESTER (GARY J. O'DONNELL OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered February 24, 2012. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a scaffold at a construction site owned by defendants-third-party plaintiffs (defendants). The accident occurred while plaintiff was attempting to attach an outrigger to the scaffold. As he reached over the side of the scaffold to attach the outrigger, plaintiff fell from the scaffold and landed on the ground some 30 feet below, sustaining a broken femur, among other injuries. Following discovery, plaintiff moved for partial summary judgment on liability on his Labor Law § 240 (1) cause of action, and defendants cross-moved for summary judgment dismissing that claim. Supreme Court denied the motion and

cross motion, and plaintiff appeals.  We now affirm.

     To establish a violation of Labor Law § 240 (1), a plaintiff must show not only that he fell at a construction site, but also that he or she did so because of the absence or inadequacy of a safety device (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267; *Felker v Corning Inc.*, 90 NY2d 219, 224; *see generally Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340).  Here, plaintiff contends that he is entitled to judgment on liability under Labor Law § 240 (1) as a matter of law because defendants failed to provide him with adequate safety devices that could have prevented his fall, namely, a safety belt and lanyard.  Plaintiff further contends that it is irrelevant whether a wood safety railing and cross braces were present on the scaffold when he fell because those items are not safety devices and, in any event, they would not have prevented him from falling even if they were in place.

     We agree with defendants, however, that the scaffold itself and the safety railing and cross braces on it constitute safety devices, and that the evidence submitted by plaintiff raises an issue of fact whether the safety devices provided by defendants afforded him proper protection, or whether additional devices were necessary (*see generally Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077).  The evidence submitted by plaintiff also raises an issue of fact whether he intentionally removed the safety railing and cross braces from the scaffold and whether such conduct by plaintiff was the sole proximate cause of his injuries (*see generally Grove v Cornell Univ.*, 17 NY3d 875, 877; *Lovall v Graves Bros., Inc.*, 63 AD3d 1528, 1530).  Although plaintiff asserts that he could not have attached the outrigger in the manner suggested by defendants, there was evidence to the contrary, including the testimony of a worker at the site who claimed to have seen plaintiff install outriggers in that manner approximately 50 times before the accident (*see Traver v Valente Homes, Inc.*, 20 AD3d 856, 857-858).  In any event, the evidence submitted by defendants in opposition to the motion raises triable issues of fact to defeat the motion, "i.e., 'there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident' " (*Miller v Spall Dev. Corp.*, 45 AD3d 1297, 1298, quoting *Blake*, 1 NY3d at 289 n 8).

     Finally, even assuming, arguendo, that the court should have considered the demonstrative evidence submitted by plaintiff in reply, we conclude that the error is harmless because that evidence would not have changed the outcome of plaintiff's motion (*see generally Matter of Chautauqua County Dept. of Social Servs. v Rita M.S.*, 94 AD3d 1509, 1514).

     All concur except WHALEN, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following Memorandum:  Respectfully, I disagree with the majority that plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action was properly denied.  I therefore

dissent, and would grant plaintiff's motion. Plaintiff was at risk of falling in two distinct ways here. First, he was at risk of falling off the scaffold while he assisted the masons and performed his general work duties. Second, he was at risk of falling from the specific task of placing the outriggers. While the wooden safety railing and cross braces may have been adequate to protect plaintiff during his general work duties, they were not adequate to protect him from the risks associated with installing the outriggers, especially given the placement of the pallet in his work area. There is an issue of fact whether the cross braces and wooden railing were in place when plaintiff fell. However, even if they were then in place, we note that plaintiff testified at his deposition that he was working below the railing height when installing the outriggers. Plaintiff testified that he would not have fallen while installing the outriggers had he been given a safety net, safety harness or at least a belt with a lanyard.

The Court of Appeals' analysis in *Felker v Corning Inc.* (90 NY2d 219) is instructive here. There, the Court wrote that the injured plaintiff was exposed to two distinct elevation-related risks associated with the painting task he was directed to perform. The first was having to paint at an elevated height over eight feet off the ground, and the Court determined that a stepladder was adequate as a safety device for the injured plaintiff with respect to this risk (*id.* at 224). The Court then wrote that a second risk was created when the injured plaintiff was required to reach over an eight-foot alcove wall and work over an elevated, open area. The Court held that it was the contractor's complete failure to provide any safety device to the injured plaintiff to protect him from this second risk of falling over the alcove wall that led to liability under Labor Law § 240 (1).

As previously stated, in the present case before this Court plaintiff was also exposed to two distinct elevation-related risks. The first was his general work assisting the masons on the scaffold and carrying supplies. The second risk was the specific task of leaning out over the scaffold to install the outriggers. It is undisputed that a pallet was placed in plaintiff's work area which forced him to install the outriggers in an awkward manner. It is also undisputed he was not provided a harness or lanyard to protect him from the risk of leaning out over the scaffold to install the outriggers. Plaintiff was not provided with a safety device to protect him from the risk of falling from the scaffolding to the ground and thus was entitled to partial summary judgment on liability on his Labor Law § 240 (1) cause of action (*see Yost v Quartararo*, 64 AD3d 1073, 1074-1075).

I also respectfully disagree with the majority that an issue of fact exists whether plaintiff's conduct was the sole proximate cause of his injuries because he may have removed the railing and cross braces. Whether or not the railing and/or cross braces were there when plaintiff fell is irrelevant because plaintiff could not use them as safety devices due to the location of the pallet. Plaintiff's conduct cannot possibly be found to be the sole proximate cause of

this accident because he did not place the pallet in his work area, and the pallet caused him to be in a precarious position while attempting to install the outrigger.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court