Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered February 24, 2012. The order, insofar as appealed from, denied plaintiffs motion for partial summary judgment.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and *1338 common-law negligence action seeking damages for injuries he sustained when he fell from a scaffold at a construction site owned by defendants/third-party plaintiffs (defendants). The accident occurred while plaintiff was attempting to attach an outrigger to the scaffold. As he reached over the side of the scaffold to attach the outrigger, plaintiff fell from the scaffold and landed on the ground some 30 feet below, sustaining a broken femur, among other injuries. Following discovery, plaintiff moved for partial summary judgment on liability on his Labor Law § 240 (1) cause of action, and defendants cross-moved for summary judgment dismissing that claim. Supreme Court denied the motion and cross motion, and plaintiff appeals. We now affirm.
To establish a violation of Labor Law § 240 (1), a plaintiff must show not only that he fell at a construction site, but also that he or she did so because of the absence or inadequacy of a safety device (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289 [2003]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; Felker v Corning Inc., 90 NY2d 219, 224 [1997]; see generally Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]). Here, plaintiff contends that he is entitled to judgment on liability under Labor Law § 240 (1) as a matter of law because defendants failed to provide him with adequate safety devices that could have prevented his fall, namely, a safety belt and lanyard. Plaintiff further contends that it is irrelevant whether a wood safety railing and cross braces were present on the scaffold when he fell because those items are not safety devices and, in any event, they would not have prevented him from falling even if they were in place.
We agree with defendants, however, that the scaffold itself and the safety railing and cross braces on it constitute safety devices, and that the evidence submitted by plaintiff raises an issue of fact whether the safety devices provided by defendants afforded him proper protection, or whether additional devices were necessary (see generally Brown v Concord Nurseries, Inc., 37 AD3d 1076, 1077 [2007]). The evidence submitted by plaintiff also raises an issue of fact whether he intentionally removed the safety railing and cross braces from the scaffold and whether such conduct by plaintiff was the sole proximate cause of his injuries (see generally Grove v Cornell Univ., 17 NY3d 875, 877 [2011]; Lovall v Graves Bros., Inc., 63 AD3d 1528, 1530 [2009]). Although plaintiff asserts that he could not have attached the outrigger in the manner suggested by defendants, there was evidence to the contrary, including the testimony of a worker at the site who claimed to have seen plaintiff install outriggers in *1339 that manner approximately 50 times before the accident (see Traver v Valente Homes, Inc., 20 AD3d 856, 857-858 [2005]). In any event, the evidence submitted by defendants in opposition to the motion raises triable issues of fact to defeat the motion, “i.e., ‘there is a plausible view of the evidence — enough to raise a fact question — that there was no statutory violation and that plaintiffs own acts or omissions were the sole cause of the accident’ ” (Miller v Spall Dev. Corp., 45 AD3d 1297, 1298 [2007], quoting Blake, 1 NY3d at 289 n 8).
Finally, even assuming, arguendo, that the court should have considered the demonstrative evidence submitted by plaintiff in reply, we conclude that the error is harmless because that evidence would not have changed the outcome of plaintiffs motion (see generally Matter of Chautauqua County Dept. of Social Servs. v Rita M.S., 94 AD3d 1509, 1514 [2012]).
All concur except Whalen, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum.