■ CHRISTIAN BONILLA, Appellant, v STATE OF NEW YORK, Respondent. [835 NYS2d 690]—

In a claim to recover damages for personal injuries, the claimant appeals, as limited by his brief, from so much of an order of the Court of Claims (Nadel, J.), dated February 1, 2006, as denied his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, and granted that branch of the defendant's cross motion which was for summary judgment dismissing that claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) claim and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On October 4, 2002 the claimant allegedly was injured while sandblasting a beam on the underside of a bridge. He had been provided with, among other things, a safety harness and lanyard that could be attached to either a safety cable or another stationary object. According to the claimant, he did not wear the har-

ness because there were no safety cables present in his work area. The claimant had wedged the trigger on the nozzle of his sandblasting apparatus so as to continuously emit sandblasting material without the need to apply additional trigger pressure. Thereafter, while working on the 45-degree angle beam of the bridge, he slipped and leaned forward to stop his fall. When he did so, the nozzle of his sandblasting hose became loose and sprayed his left hand, allegedly causing injury.

The claimant subsequently commenced this claim against the defendant, alleging that the defendant violated Labor Law §§ 200, 240 (1), and § 241 (6). After discovery was conducted, he moved for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, contending that the defendant violated the statute by failing to provide him with safety cables to which he could have attached his lanyard. The defendant then cross-moved, inter alia, for summary judgment dismissing the Labor Law § 240 (1) claim, contending that the accident was not caused by the type of elevation-related risk contemplated by the statute, and that the claimant's conduct was the sole proximate cause of the accident. The Court of Claims denied the claimant's motion and granted the defendant's cross motion, concluding that the accident did not fall within the scope of Labor Law § 240 (1) because the claimant was not performing work that exposed him to an elevation-related risk. We modify.

Labor Law § 240 (1) imposes absolute liability upon owners and contractors who fail, in accordance with the statute, to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards (*see Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490-491 [1995]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513 [1991]). The statute is designed to protect workers from gravity-related hazards such as falling from a height (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501), and must be liberally construed to accomplish its purpose (*see Rocovich v Consolidated Edison Co., supra* at 513). Here, the claimant was working on a bridge beam located more than 100 feet off the ground with only a platform, constructed to catch debris, located approximately 20 to 25 feet below him. Although he was allegedly injured when he was sprayed with sand from his sandblasting hose, recovery under Labor Law § 240 (1) is not foreclosed (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562 [1993]). Contrary to the conclusion of the Court of Claims, under these circumstances, the claimant's work exposed him to an elevation-related risk within the scope of Labor Law § 240 (1) (*see Valensisi v Greens*

*at Half Hollow, LLC,* 33 AD3d 693 [2006]; *Brandl v Ram Bldrs., Inc.,* 7 AD3d 655, 656 [2004]).

However, neither the claimant nor the defendant made a prima facie showing on their respective motion and cross motion warranting either summary judgment on the Labor Law § 240 (1) claim, or dismissing the Labor Law § 240 (1) claim (*see Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35 [2004]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Even though it is undisputed that there were no safety cables in the claimant's work area to which he could have affixed his harness and lanyard, evidence was proffered that the lanyard could have been affixed to a standing object, such as the bridge iron, which would have constituted a proper safety measure. Accordingly, if the claimant were provided with appropriate safety equipment but failed to properly use it, and the accident occurred as a result, his conduct would be the sole proximate cause of the accident and the defendant could not be held liable for a violation of Labor Law § 240 (1) (*see Palacios v Lake Carmel Fire Dept., Inc.,* 15 AD3d 461, 463 [2005]).

On the other hand, evidence was proffered that the lanyard failed to provide the proper protection required under Labor Law § 240 (1) and that this failure was a proximate cause of the claimant's injury. Under such circumstances, the claimant's alleged negligence would not be a defense (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 290 [2003]; *Nimirovski v Vornado Realty Trust Co.,* 29 AD3d 762 [2006]; *Brandl v Ram Bldrs., Inc., supra*).

Because the record is inconclusive as to whether the claimant could have affixed his lanyard to a standing object, and whether that would have been a proper safety measure in satisfaction of Labor Law § 240 (1), the claimant's motion for summary judgment on his Labor Law § 240 (1) claim was properly denied, and that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) claim should have been denied. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.