■ Anthony Mentesana, Appellant, v Bernard Janowitz Construction Corp. et al., Defendants, and Beauce Atlas, Inc., Respondent. (And Third-Party Actions.) [843 NYS2d 386]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated July 31, 2006, as, in effect, upon reargument, granted that branch of the motion of the defendant Beauce Atlas, Inc., which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, in effect, upon reargument, that branch of motion of the defendant Beauce Atlas, Inc., which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it is denied.

The plaintiff allegedly was injured while on a flatbed truck as

he looked for certain pieces of steel on the truck which were to be installed at a construction site. As he bent over, a steel I-beam that was being hoisted by crane came loose and fell, hitting another beam, which slid onto and crushed the plaintiff's finger. The plaintiff testified at his deposition that someone else attached the I-beams to the crane, that he had never received instructions on the proper way to attach the I-beams to the crane, and that he had never before performed that particular task. He also testified that the I-beams were elevated approximately three feet above his head when they came loose and fell.

The crane operator testified at his deposition that the plaintiff attached the I-beams to the crane improperly, and knew that they were attached improperly, but told the crane operator to hoist them anyway. He further testified that the plaintiff had performed this task many times before, and knew that the foreman had instructed the plaintiff with respect to the proper method of attaching the I-beams to the crane. The crane operator also stated that, after the plaintiff told him to hoist the I-beams without properly securing them, he complied, knowing that the beams were improperly secured. Further, he stated that the I-beams were only one to two feet above the bed of the truck when they fell.

The plaintiff commenced this action against, among others, Beauce Atlas, Inc. (hereinafter Beauce), the steel fabricator on the construction project, asserting, inter alia, Labor Law § 240 (1); § 241 (6); § 200, and common-law negligence causes of action. Beauce cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. In an order dated November 24, 2004, the Supreme Court, inter alia, denied the plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, finding that Labor Law § 240 (1) did not apply to the plaintiff's accident. The court, however, failed to determine that branch of Beauce's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Thereafter, Beauce, in effect, moved, inter alia, for reargument of that branch of its prior cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it. Beauce argued, inter alia, that the Supreme Court, in previously denying the plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, found that the statute

did not apply to the plaintiff's accident, and therefore should have granted that branch of its prior cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

In an order dated July 31, 2006, the Supreme Court, inter alia, in effect, upon reargument, granted that branch of Beauce's motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action insofar as asserted against it, reiterating its prior finding that Labor Law § 240 (1) did not apply to the plaintiff's accident. We reverse.

Labor Law § 240 (1) imposes liability upon owners and contractors who fail, in accordance with the statute, to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards (*see Bonilla v State of New York*, 40 AD3d 673 [2007]). In order for Labor Law § 240 (1) to apply, the "plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Sierzputowski v City of New York*, 14 AD3d 606, 607 [2005], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 267; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

Here, triable issues of fact preclude summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action. These triable issues include the relative height of the I-beams when they fell (*see Amo v Little Rapids Corp.* 268 AD2d 712, 715 [2000], *mod on rearg* 275 AD2d 565 [2000]; *cf. Perron v Hendrickson/Scalamandre/Posillico [TV]*, 22 AD3d 731, 732 [2005]; *Jacome v State of New York*, 266 AD2d 345, 346 [1999]; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657 [1994]), whether there were safety devices available to the plaintiff or not, and whether or not he had received instructions on how to attach the I-beams to the crane. Thus, in effect, upon reargument, the Supreme Court should not have granted that branch of Beauce's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it (*see Amo v Little Rapids Corp.*, 268 AD2d at 712; *Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461 [2005]; *see*

*also Bonilla v State of New York*, 40 AD3d at 673). Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.