(May 26, 2009)

■ TIMOTHY ANDRO, Respondent, v CITY OF NEW YORK et al., Appellants. [880 NYS2d 111]—

In an action to recover damages for personal injuries, the defendants appeal from an amended order of the Supreme Court, Queens County (Flug, J.), dated March 27, 2008, which granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1) and, in effect, denied that branch of their cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1), and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of those branches of the motion and cross motion which sought relief on the causes of action to recover damages pursuant to Labor Law §§ 200, 241 (b), and common-law negligence.

To prevail on a claim under Labor Law § 240 (1), a plaintiff must prove that the statute was violated and that such violation was a proximate cause of the resulting injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). Here, in support of the branches of their respective motion and cross motion which were for summary judgment on the Labor Law § 240 (1) cause of action, neither the plaintiff nor the defendants made a prima facie showing of entitlement to judg-

ment as a matter of law (*see Bonilla v State of New York,* 40 AD3d 673, 675 [2007]). The plaintiff's testimony at both his examination pursuant to General Municipal Law § 50-h and at his deposition indicates that he took note of the condition of the ladder he was using prior to his accident, admitted there was nothing wrong with it, and raises questions of fact as to whether his failure to use safety devices available at the work site, furnished by his employer, constituted the sole proximate cause of his accident (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Bonilla v State of New York,* 40 AD3d at 674-675).

In light of our determination, the matter must be remitted to the Supreme Court, Queens County, to determine on the merits those branches of the motion and cross motion for relief on the causes of action to recover damages pursuant to Labor Law §§ 200, 241 (b), and common-law negligence, which had been denied by the Supreme Court as academic. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.