■ Luis Miguel Herrnsdorf, Appellant-Respondent, v Bernard Janowitz Construction Corporation, Defendant and

Third-Party Plaintiff-Respondent, and WESTBROOK PARTNERS, LLC, et al., Respondents-Appellants. ALLRIGHT CONSTRUCTION CORP., Third-Party Defendant-Respondent; UTICA FIRST INSURANCE COMPANY, Third-Party Defendant-Appellant. [889 NYS2d 600]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated March 28, 2008, as denied his motion for summary judgment on the issue of liability under Labor Law § 240 (1), the defendants Westbrook Partners, LLC, and W.J. Harbor Ridge, LLC, cross-appeal, as limited by their brief, from so much of the same order as did not decide that branch of their cross motion which was for summary judgment dismissing the plaintiff's common-law negligence cause of action and held in abeyance those branches of their cross motion which were for conditional summary judgment in their favor on their contractual and common-law indemnification cross claims against the defendant Bernard Janowitz Construction Corporation, and the third-party defendant Utica First Insurance Company appeals, as limited by its brief, from stated portions of the same order which, inter alia, denied that branch of its pre-answer motion pursuant to CPLR 3211 (a) (1) which was to dismiss the third-party complaint insofar as asserted against it.

Ordered that the cross appeal by the defendants Westbrook Partners, LLC, and W.J. Harbor Ridge, LLC, is dismissed, as those branches of their cross motion which were for summary judgment dismissing the plaintiff's common-law negligence cause of action and for conditional summary judgment in their favor on their contractual and common-law indemnification cross claims against the defendant Bernard Janowitz Construction Corporation remain pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff, payable by the remaining parties appearing separately and filing separate briefs.

The plaintiff, a carpenter, allegedly was injured when he fell

off a roof of a house while installing metal trims. The property was owned by the defendant W.J. Harbor Ridge, LLC (hereinafter Harbor Ridge), which also owned the defendant Westbrook Partners, LLC (hereinafter Westbrook). Harbor Ridge entered into a contract with the defendant Bernard Janowitz Construction Corporation (hereinafter Janowitz) whereby Janowitz, as general contractor, would construct and develop approximately 100 homes on the undeveloped property owned by Harbor Ridge. The plaintiff was employed by the third-party defendant Allright Construction Corp. (hereinafer Allright), which was subcontracted by Janowitz to install metal panels and trims on the roofs of houses in the development under construction.

The plaintiff commenced this action against Janowitz, Harbor Ridge, and Westbrook, alleging causes of action based on common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6). Janowitz commenced a third-party action against Allright and Utica First Insurance Company (hereinafter Utica First). Janowitz sought a declaration that Utica First was required to defend it against the claims asserted by the plaintiff on the ground that it was listed as an additional insured pursuant to an insurance policy between Utica First and Allright.

The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1) asserted against Janowitz, Harbor Ridge, and Westbrook, and denied Utica First's pre-answer motion.

" 'Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers on an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law' " (*Riccio v NHT Owners, LLC,* 51 AD3d 897, 898 [2008], quoting *Andino v BFC Partners,* 303 AD2d 338, 339 [2003]). Generally, to establish a prima facie violation of Labor Law § 240 (1) a claimant must establish that "the statute was violated and that this violation was a proximate cause of his or her injuries" (*Sprague v Peckham Materials Corp.,* 240 AD2d 392, 393 [1997]; *see Orellana v American Airlines,* 300 AD2d 638, 639 [2002]; *Gardner v New York City Tr. Auth.,* 282 AD2d 430, 431 [2001]). Where a " 'plaintiff's actions [are] the sole proximate cause of his injuries . . . liability under Labor Law § 240 (1) [does] not attach' " (*Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006], quoting *Weininger v Hagedorn & Co.,* 91 NY2d 958, 960 [1998]; *see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Coates v Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts.,* 56 AD3d 599 [2008]).

Here, the plaintiff failed to establish, prima facie, that the ladder did not provide him with proper protection under Labor Law § 240 (1), and that his actions were not the sole proximate cause of his injuries (*see Riccio v NHT Owners, LLC*, 51 AD3d at 899; *Gonzalez v Plain Edge High School Dist.*, 300 AD2d 540 [2002]). Since the plaintiff failed to establish his prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim, it is not necessary to consider the sufficiency of the opposition papers of Janowitz, Westbrook, and Harbor Ridge (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of Utica First's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint. "[I]n order for a complaint to be dismissed pursuant to CPLR 3211 (a) (1), the evidence submitted must 'resolve[ ] all factual issues as a matter of law, and conclusively dispose of the plaintiff's claim' " (*Del Pozo v Impressive Homes, Inc.*, 29 AD3d 621, 622 [2006], quoting *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]). Utica First failed to conclusively demonstrate that Janowitz was not an additional insured to the insurance policy. Additionally, Utica First could not rely on affidavits in support of its motion to dismiss pursuant to CPLR 3211 (a) (1) because they do not constitute documentary evidence (*see Berger v Temple Beth-El of Great Neck*, 303 AD2d at 347).

The parties' remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.