■ MARK LORENTI, Respondent, v STICKL CONSTRUCTION COMPANY, INC., Appellant. [912 NYS2d 359]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered August 26, 2009 in a personal injury action. The order, insofar as appealed from, granted plaintiff's motion for partial summary judgment pursuant to Labor Law § 240 (1) and denied defendant's cross motion to dismiss plaintiff's Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while installing siding on a home under construction. Defendant was the general contractor on the construction proj-

ect, and plaintiff was employed by a framing subcontractor. Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1), and defendant cross-moved for summary judgment dismissing the complaint against it. Supreme Court granted plaintiff's motion and also granted that part of defendant's cross motion with respect to Labor Law § 241 (6). Contrary to defendant's sole contention on appeal, the court properly granted plaintiff's motion. Plaintiff met his burden on the motion by establishing that "the absence of . . . a safety device was the proximate cause of his . . . injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). Defendant failed to defeat the motion by contending in opposition thereto that the conduct of plaintiff was the sole proximate cause of his injuries, inasmuch as defendant presented no evidence to support that contention (*see Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1053 [2008]). Indeed, although defendant contends that plaintiff should have utilized a ladder as a safety device, it presented no evidence that plaintiff had been instructed to use a ladder or that plaintiff knew or should have known that he should use a ladder " 'based on his training, prior practice, and common sense' " (*id.*; *see Ewing v Brunner Intl., Inc.*, 60 AD3d 1323, 1324 [2009]). Thus, defendant submitted no evidence from which a trier of fact could find that "plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Present—Martoche, J.P., Sconiers, Green and Pine, JJ.