■ ROBERT E. McGUIRE, Appellant, v MICHAEL A. FULLER et al., Respondents. (And a Third-Party Action.) [916 NYS2d 835]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated August 4, 2009, as denied his motion for summary judgment on the issue of liability on his cause of action alleging violations of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his cause of action alleging violations of Labor Law § 240 (1). Generally, to establish a prima facie violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that this violation was a proximate cause of his or her injuries (*see Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640 [2009]). The plaintiff's moving papers, however, revealed questions of fact regarding whether there was a statutory violation and whether the plaintiff's conduct was the sole proximate cause of his injuries (*see Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640 [2009]; *Forschner v Jucca Co.*, 63 AD3d 996 [2009]; *Andro v City of New York*, 62 AD3d 919 [2009]). Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, the sufficiency of the opposing papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.