■ RUDOLF TOMLINS, Appellant, v JOHN DILUNA et al., Defendants/Third-Party Plaintiffs-Respondents, and LUNA LANDSCAPE CORP., Respondent. ROBERT TOMLINS, Doing Business as KUT RITE CONSTRUCTION, Third-Party Defendant-Respondent. [924 NYS2d 442]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 4, 2010, which denied his motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants John DiLuna and Rocco DiLuna owned real property where they were building a two-family house as an investment. They hired their own company, the defendant Luna Construction Corporation, as the general contractor for the project. Kut Rite Construction, allegedly owned by the plaintiff Rudolf Tomlins and the third-party defendant Robert Tomlins, doing business as Kut Rite Construction (hereinafter Kut Rite), was hired to do the siding, roofing, and framing on the property. The plaintiff allegedly was injured while working on the project when he slipped off the porch roof and fell approximately 20 feet to the ground. He commenced this action against the defendants alleging, inter alia, a violation of Labor Law § 240 (1). The defendants commenced a third-party action against Kut Rite. After discovery was complete, the plaintiff moved for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1), and the Supreme Court denied his motion. We affirm.

To establish a violation of Labor Law § 240 (1), a plaintiff must demonstrate that the defendants violated the statute and that this violation was the proximate cause of his injuries (*see*

*McGuire v Fuller*, 81 AD3d 794, 795 [2011]; *Andro v City of New York*, 62 AD3d 919 [2009]). If the plaintiff's actions are the sole proximate cause of his injuries, liability under Labor Law § 240 (1) does not attach (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640 [2009]).

The plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Andro v City of New York*, 62 AD3d at 919-920). On his motion, the plaintiff submitted deposition testimony indicating that there was scaffolding owned by Kut Rite on the property which he used earlier on the day of his accident. This evidence raised triable issues of fact as to whether the scaffolding was an adequate safety device for the plaintiff's work that was readily available and whether his decision not to use the scaffolding was the sole proximate cause of his accident (*see Masullo v 1199 Hous. Corp.*, 63 AD3d 430, 432-433 [2009]; *Andro v City of New York*, 62 AD3d at 920; *Miro v Plaza Constr. Corp.*, 38 AD3d 454 [2007], *mod* 9 NY3d 948 [2007]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1). Covello, J.P., Eng, Chambers and Miller, JJ., concur.