# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1232**
**CA 11-01052**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

WAYNE SISTRUNK, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ONONDAGA, ET AL., DEFENDANTS.
-------------------------------------------
COUNTY OF ONONDAGA, THIRD-PARTY PLAINTIFF,

V

M.A. BONGIOVANNI, INC., THIRD-PARTY
DEFENDANT-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

BARTON BARTON & PLOTKIN, LLP, NEW YORK CITY (THOMAS P. GUIFFRA OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered August 23, 2010 in a personal injury
action. The order, inter alia, granted plaintiff's motion for partial
summary judgment on the issue of liability pursuant to Labor Law § 240
(1).

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying plaintiff's motion and as
modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained while
working on a construction site owned by defendant-third-party
plaintiff, County of Onondaga. Third-party defendant, M.A.
Bongiovanni, Inc. (Bongiovanni), appeals, as limited by its brief,
from an order insofar as it granted plaintiff's motion for partial
summary judgment on liability with respect to the Labor Law § 240 (1)
claim and denied Bongiovanni's cross motion for partial summary
judgment dismissing that claim. Plaintiff was injured when he fell
from a 40-foot extension ladder into a trench. Bongiovanni was
plaintiff's employer and the excavation subcontractor at the
construction site. According to Bongiovanni, plaintiff was instructed
to use the extension ladder only in the event of an emergency, which
did not exist at the time of the accident, and there were more
appropriate safety devices located on the construction site that

plaintiff could have used to get in and out of the trench.

Addressing first the cross motion, we reject Bongiovanni's contention that Supreme Court erred in denying the cross motion inasmuch as there are triable issues of fact whether plaintiff was provided with appropriate safety devices and whether his own actions were the sole proximate cause of the accident.  Where a plaintiff knowingly uses an inadequate safety device when another appropriate safety device is readily available, his use of the inadequate device is deemed the sole proximate cause of his injuries (*see Arnold v Barry S. Barone Constr. Corp.*, 46 AD3d 1390, *lv denied* 10 NY3d 707; *see also Tomlins v DiLuna*, 84 AD3d 1064; *see generally Miro v Plaza Constr. Corp.*, 38 AD3d 454, 455, *mod on other grounds* 9 NY3d 948).  In his affidavit, plaintiff's supervisor indicates that he instructed plaintiff to use the stair tower to enter and exit the trench, and to use extension ladders only in the event of an emergency.  The supervisor also testified to that effect at his deposition.  Plaintiff testified at his deposition, however, that he never received any such instructions and that, to the contrary, his supervisor specifically told him to use the extension ladder to carry fuel down into the trench.  There is also a triable issue of fact whether the other safety devices at the construction site, i.e., the stair tower and an archway staircase, could have been safely used by plaintiff to reach the area of the trench where he was working at the time of the accident.

We agree with Bongiovanni, however, that the court erred in granting plaintiff's motion for partial summary judgment, and we therefore modify the order accordingly.  Even assuming, arguendo, that plaintiff met his initial burden on the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), Bongiovanni raised triable issues of fact whether plaintiff, in using the extension ladder, ignored safety instructions from his supervisor and whether plaintiff could have used the stair tower to enter and exit the trench.  Plaintiff contends that the stair tower was not an "available" safety device because he was unable to walk up the gravel hill from the trench to obtain the stair tower.  Bongiovanni, however, submitted evidence demonstrating that the emergency responders were able to walk up the gravel hill in question and that other employees of Bongiovanni had walked up the same hill earlier on the day of the accident.

Bongiovanni also raised a triable issue of fact whether the defective condition of the ladder was a proximate cause of plaintiff's accident.  Although plaintiff testified at his deposition that the ladder twisted before he fell, he informed the police on the night of the accident that he slipped from the ladder and fell on his back.  Also, it is unclear from the record whether the ladder actually fell or even slipped.  "The simple fact that plaintiff fell from a ladder does not automatically establish liability on the part of [Bongiovanni]" (*Beardslee v Cornell Univ.*, 72 AD3d 1371, 1372).  In the absence of any other evidence concerning the way in which the accident occurred, plaintiff's statement to the police raised a triable issue of fact whether he fell because the ladder did not

afford him proper protection or whether he simply slipped and fell off of the ladder (*see Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416; *Davis v Brunswick*, 52 AD3d 1231).