■ PIOTR MIERZEJEWSKI, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [996 NYS2d 56]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated July 5, 2012, as denied that branch of his motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendants City of New York, New York City School Construction Authority, and Homeric Contracting Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

To impose liability on an owner or contractor pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-555 [2006]; *Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640, 642 [2009]; *Chlebowski v Esber*, 58 AD3d 662 [2009]). The plaintiff failed to establish his prima facie entitlement to summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendants City of New York, New York City School Construction Authority, and Homeric Contracting Co., Inc. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d at 643). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.