# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**147**

**CA 14-01161**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

ANDRE BANKS, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

LPCIMINELLI, INC., E & M PAINTING, INC.,
CITY OF BUFFALO CITY SCHOOL DISTRICT AND
CITY OF BUFFALO BOARD OF EDUCATION,
DEFENDANTS-RESPONDENTS.

---

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (CHARLES H. COBB OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 24, 2014. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment and granted in part the cross motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries he sustained when he attempted to lift a bundle of insulation to a coworker 10 feet above him and it fell, striking him in the head. We reject plaintiff's contention that Supreme Court erred in denying his motion seeking partial summary judgment on liability under the Labor Law § 240 (1) claim. Plaintiff's submissions in support of the motion raised a triable issue of fact whether his own actions were the sole proximate cause of his injuries (*see Tomlins v DiLuna*, 84 AD3d 1064, 1065; *see generally Cioffi v Target Corp.*, 114 AD3d 897, 898-899). In particular, there are triable issues of fact whether a boom lift or a scissor lift was readily available at the work site and whether plaintiff knew that he was expected to use the lift to hoist the material but for no good reason chose not to do so (*see Tomlins*, 84 AD3d at 1065; *see generally Gallagher v New York Post*, 14 NY3d 83, 88).

Contrary to plaintiff's further contention, the court did not err in granting that part of defendants' cross motion seeking dismissal of the Labor Law § 241 (6) claim to the extent it was premised upon

violations of 12 NYCRR 23-6.1 (c) and 23-7.1 (c).  Inasmuch as the accident did not involve hoisting equipment, defendants established that those regulations were not applicable to the facts of this case (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 409-410; *Georgakopoulos v Shifrin*, 83 AD3d 659, 660).  Finally, in the absence of a cross appeal by defendants, we do not address their contention that the court erred in failing to dismiss the Labor Law § 241 (6) claim in its entirety (*see Harris v Eastman Kodak Co.*, 83 AD3d 1563, 1564; *Harmon v Hotel Syracuse, Inc.*, 26 AD3d 750, 751; *see generally* CPLR 5515 [1]).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court