# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1241**
**CA 15-00586**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.


JACQUE R. GILLIS,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

RODNEY C. BROWN, DEBORAH A. BROWN AND
HALF DUTCH FARMS, A PARTNERSHIP,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

THE LAW OFFICE OF ALFRED PANICCIA, JR., BINGHAMTON (ALFRED PANICCIA, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

OSBORN, REED & BURKE, LLP, ROCHESTER (L. DAMIEN COSTANZA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered February 11, 2015. The order, among other things, denied in part defendants' motion for summary judgment and denied plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety except insofar as the complaint alleges a violation of Labor Law § 240 (1) and dismissing the complaint to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a height while securing roofing material to refurbished metal trusses on defendants' barn. At the time of his accident, plaintiff, who had climbed onto the wall header near the eave of the barn, put the weight of his legs on plywood that had been placed in the eave by defendants to block wind and precipitation, and the plywood shifted and fell, causing plaintiff to fall to the ground and sustain injuries. Following discovery, defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. Supreme Court granted the motion only to the extent that it sought summary judgment dismissing the Labor Law § 241 (6) cause of action based upon alleged violations of 12 NYCRR 23-1.5 (a), 12 NYCRR 23-1.22 (c) and 12 NYCRR 23-5.1, and denied the cross motion. We conclude that the court erred in denying the motion insofar as it sought summary judgment dismissing the section 241 (6)

cause of action in its entirety and dismissing the section 200 and common-law negligence causes of action, and we therefore modify the order accordingly.

Contrary to the parties' contentions, the court properly denied the motion and cross motion with respect to Labor Law § 240 (1) inasmuch as there are issues of fact whether plaintiff's actions were the sole proximate cause of his injuries (*see generally Gallagher v New York Post*, 14 NY3d 83, 88). Specifically, the evidence submitted by the parties conflicts on the issues whether a so-called "man-lift" was available on the work site for plaintiff's use in performing the injury-producing work, whether plaintiff knew he was expected to use that man-lift "but for no good reason chose not to do so," and whether the man-lift was an adequate safety device for the specific task plaintiff was performing at the time of his accident (*Banks v LPCiminelli, Inc.*, 125 AD3d 1334, 1335).

We further conclude that the court erred in denying the motion with respect to the Labor Law § 241 (6) cause of action insofar as it is based on an alleged violation of 12 NYCRR 23-1.7 (b) (1), which provides in pertinent part that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule)." Although that regulation is sufficiently specific to support liability under section 241 (6) (*see Lopez v Fahs Constr. Group, Inc.*, 129 AD3d 1478, 1479; *Frank v Meadowlakes Dev. Corp.*, 256 AD2d 1141, 1142), we conclude that the open space on either side of the header of the barn wall from which plaintiff fell is not the type of "hazardous opening" to which the regulation applies (*see Forschner v Jucca Co.*, 63 AD3d 996, 999). Because the court properly concluded that the other Industrial Code regulations on which plaintiff relies are either insufficiently specific or inapplicable to the facts of this case, defendants are entitled to summary judgment dismissing the section 241 (6) cause of action in its entirety.

Finally, we agree with defendants that the court erred in denying the motion insofar as it sought summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295). Defendants moving for summary judgment on Labor Law § 200 and common-law negligence causes of action may thus show their entitlement to summary judgment "by establishing that plaintiff's accident resulted from the manner in which the work was performed, not from any dangerous condition on the premises, and [that] defendants exercised no supervisory control over the work" (*Zimmer v Town of Lancaster Indus. Dev. Agency*, 125 AD3d 1315, 1316-1317). Here, defendants' placement of plywood along the eaves of the barn as a block to the elements was not a "defective condition;" instead, the alleged defect arose from plaintiff's methods or manner of performing the work. Because it is undisputed that defendants

exercised no supervisory control over the injury-producing work, defendants are also entitled to summary judgment dismissing the section 200 and common-law negligence causes of action (*see Lombardi*, 80 NY2d at 295).

Entered:  November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court