# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

84

CA 15-00615

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

ANTHONY JOSEPH ALATI, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

DIVIN BUILDERS, INC., DEFENDANT-APPELLANT,
MICHAEL FRIERY, DOING BUSINESS AS VIPER SIDING,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BRENNA BOYCE, PLLC, ROCHESTER (WILLIAM P. SMITH, JR., OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

THE LAW FIRM OF JANICE M. IATI, P.C., PITTSFORD (CARRIE GALLAGHER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 20, 2015. The order granted plaintiff's motion for partial summary judgment and denied the cross motion of defendant Divin Builders, Inc. for summary judgment dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the cross motion of defendant Divin Builders, Inc. for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241 (6) causes of action against it except insofar as the section 241 (6) cause of action is based on the alleged violation of 12 NYCRR 23-1.21 (b) (1) and (3) (iv), and dismissing the complaint against it to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when he fell from a ladder while installing a light fixture in the foyer of a residence being built by Divin Builders, Inc. (defendant). At the time of the accident, plaintiff was leaning over the top of his A-Frame ladder to receive a screw or drill bit he had dropped, which had been retrieved and was being handed to plaintiff by another contractor, defendant Michael Friery, doing business as Viper Siding (Friery). Plaintiff alleges that Friery improperly stepped on the support "rungs" on the back of the ladder, and that the ladder collapsed. According to Friery, however, the ladder "exploded" when

plaintiff leaned over the top of the ladder.  In any event, the ladder broke into pieces, causing plaintiff to fall to the ground and sustain injuries.

In the complaint, plaintiff asserts causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6).  Following discovery, plaintiff moved for partial summary judgment against defendant on the issue of liability pursuant to section 240 (1) and, insofar as relevant to this appeal, defendant cross-moved for summary judgment dismissing the complaint against it.  Supreme Court granted the motion and denied the cross motion.

We reject defendant's contention that the court erred in granting the motion for partial summary judgment and denying that part of the cross motion for summary judgment seeking dismissal of the section 240 (1) cause of action.  We conclude that plaintiff met his initial burden of establishing entitlement to judgment as a matter of law.  Whatever the exact cause of the ladder's collapse, the fact that the ladder failed and plaintiff fell to the ground demonstrates that it " 'was not so placed . . . as to give proper protection to him' " (*Kirbis v LPCiminelli, Inc*., 90 AD3d 1581, 1582).  The burden then shifted to defendant to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562), and we conclude that it failed to do so.  Even if the accident occurred as described by plaintiff, defendant "failed to raise a triable issue of fact . . . whether [Friery's] act of stepping on the back of . . . plaintiff's ladder just before it broke was . . . 'of such an extraordinary nature or so attenuated from the statutory violation as to constitute a superseding cause sufficient to relieve [it] of liability' " (*Losito v Manlyn Dev. Group, Inc*., 85 AD3d 983, 984).  Moreover, even assuming, arguendo, that plaintiff was aware that there was scaffolding belonging to another contractor in the garage at the work site, there is no evidence in the record that plaintiff was aware that he was supposed to use the scaffolding and yet chose not to do so (*see Gallagher v New York Post*, 14 NY3d 83, 88), or that a scaffold would have been an appropriate safety device for the work being done by plaintiff when he sustained his injury.

We further conclude that the affidavit of Vincent Falbo, one of defendant's owners, so contradicts his deposition testimony that its submission "constitutes an attempt to raise feigned issues of fact where none truly exists" (*Dermody v Tilton*, 85 AD3d 1682, 1683).  Because Falbo admitted that defendant had no employees, and the record supports plaintiff's assertion that he was an independent contractor, we reject defendant's further contention that this action is barred by Workers' Compensation Law § 11.

We agree with defendant, however, that the court erred in denying its cross motion for summary judgment insofar as it seeks dismissal of the common-law negligence and Labor Law § 200 causes of action against defendant, and we therefore modify the order accordingly.  The record is clear that defendant exercised no supervisory control over the injury-producing work, and that the accident arose from plaintiff's methods and manner of work (*see Lombardi v Stout*, 80 NY2d 290, 295;

*Gillis v Brown*, 133 AD3d 1374, 1376). We further agree with defendant that the court should have granted summary judgment dismissing the Labor Law § 241 (6) cause of action against it except insofar as it is based on the alleged violation of 12 NYCRR 23-1.21 (b) (1) and (3) (iv), and we therefore further modify the order accordingly. Those regulations are both sufficiently specific to support a violation of section 241 (6) and applicable to the facts of this case (*see Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 654; *Soodin v Fragakis*, 91 AD3d 535, 536). Subsection (b) (4) of that regulation, which plaintiff also asserts as a basis for a violation of section 241 (6), is inapplicable to the facts of this case, and plaintiff has abandoned his reliance on all other regulations recited in his bill of particulars.

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court