Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered March 20, 2015. The order, insofar as appealed from, granted that part of the motion of plaintiff for partial summary judgment on the issue of liability against defendant Acro-Fab Ltd. pursuant to Labor Law § 240 (1).
It is hereby ordered that the order insofar as appealed from is reversed on the law without costs and the motion is denied in its entirety.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries he sustained when he fell to the ground from atop the outer wall of a building extension being constructed for Acro-Fab Ltd. (defendant), after one of the roof trusses that plaintiff was installing started to tip over. We agree with defendant that *1503 Supreme Court erred in granting that part of plaintiff’s motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).
It is well settled that in order to establish entitlement to judgment as a matter of law on the issue of liability under Labor Law § 240 (1), the plaintiff “must establish that the statute was violated and that such violation was a proximate cause of his [or her] injury” (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015], rearg denied 25 NY3d 1211 [2015]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). “Liability under section 240 (1) does not attach when the safety devices that [the] plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and [the] plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident” (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Under those circumstances, the “plaintiff’s own negligence is the sole proximate cause of his [or her] injury” (id.; see Cahill, 4 NY3d at 39-40).
Where the plaintiff’s submissions in support of the motion raise a triable issue of fact whether his or her own actions were the sole proximate cause of the injury, the plaintiff has failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability because “if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation” (Blake, 1 NY3d at 290; see Banks v LPCiminelli, Inc., 125 AD3d 1334, 1335 [2015]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In this case, plaintiff’s submissions raised triable issues of fact whether plaintiff knew that he was expected to use a readily available ladder at the work site to perform his task, but for no good reason chose not to do so, and whether he would not have been injured had he not made that choice (see Cahill, 4 NY3d at 40; Banks, 125 AD3d at 1335; see generally Gallagher, 14 NY3d at 88). Contrary to the analysis of the dissent, inasmuch as plaintiff raised such issues of fact through his own submissions, the burden never shifted to defendant, and denial of the motion was required “regardless of the sufficiency of the opposing papers” (Alvarez, 68 NY2d at 324).
All concur except Centra, J.P., and Curran, J.,
who dissent and vote to affirm in the following memorandum.