Anderson v National Grid USA Serv. Co. (2018 NY Slip Op 07572)





Anderson v National Grid USA Serv. Co.


2018 NY Slip Op 07572


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1062 CA 18-00254

[*1]ANTWAN ANDERSON, PLAINTIFF-APPELLANT,
v
NATIONAL GRID USA SERVICE CO., VERIZON COMMUNICATIONS, INC., AND DANUTA KOZBOR-FOGELBERG, DEFENDANTS-RESPONDENTS. 






DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HARRIS BEACH PLLC, PITTSFORD (MICHAEL J. MASINO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS NATIONAL GRID USA SERVICE CO. AND VERIZON COMMUNICATIONS, INC. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 19, 2017. The order and judgment, among other things, granted defendants' motions for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a cable and internet service technician, commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell off the roof of a detached garage on property owned by defendant Danuta Kozbor-Fogelberg while attempting to access a utility pole owned by National Grid USA Service Co. and Verizon Communications, Inc. (defendants) in order to perform an internet reconnection for a residential customer. Plaintiff had determined that he could not obtain ground-level access to the utility pole, which was located behind the garage, because, inter alia, the path to the pole was blocked by a locked gate on the property and plaintiff was purportedly unable to contact the property owner to unlock the gate. Without contacting his supervisor to obtain further instruction or assistance, plaintiff thereafter decided to climb over the pitched roof of the garage to gain access to the pole. As plaintiff reached the peak of the roof, the ladder he was carrying over his shoulder got caught in utility wires suspended over the garage; simultaneously, his ankle became entangled with a telephone wire that was hanging just above the roof. Plaintiff tried to free himself by shaking his leg loose from the telephone wire, but he fell backward, dropped the ladder, and rolled off the front of the roof onto the driveway below. As limited by his brief, plaintiff appeals from an order and judgment to the extent that it granted defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. We affirm.
"It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (Lombardi v Stout, 80 NY2d 290, 295 [1992]). "Defendants moving for summary judgment on Labor Law § 200 and common-law negligence causes of action may thus show their entitlement to summary judgment by establishing that plaintiff's accident resulted from the manner in which the work was performed, not from any dangerous condition on the premises, and [that] defendants exercised no supervisory control over the work' " (Gillis v Brown, 133 AD3d 1374, 1376 [4th Dept 2015]). Here, defendants established that the wires hanging above the roof of the garage did not, as alleged by plaintiff, constitute a "tripping and walking hazard" along an area of [*2]the property leading to the work site; instead, the alleged defect arose from plaintiff's method of performing the work by foregoing appropriate, authorized means of obtaining access to the utility pole and deciding to traverse the pitched roof of the garage over which the wires hung (see generally id.). Inasmuch as defendants exercised no supervisory control over the injury-producing work, defendants established their entitlement to summary judgment dismissing the section 200 and common-law negligence causes of action (see Lombardi, 80 NY2d at 295; Gillis, 133 AD3d at 1376). Plaintiff failed to raise a triable issue of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court