Abdelhay v 1105 Group Prop. Mgt., LLC (2022 NY Slip Op 04479)

Abdelhay v 1105 Group Prop. Mgt., LLC

2022 NY Slip Op 04479

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND WINSLOW, JJ.

455 CA 21-01371

[*1]FAWZI ABDELHAY AND WARDA ABDELHAY, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
1105 GROUP PROPERTY MANAGEMENT, LLC, DEFENDANT-RESPONDENT-APPELLANT. 

PHILLIPS LYTLE LLP, BUFFALO (MARC H. GOLDBERG OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. KRUPPA OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered September 20, 2021. The order denied the motion of plaintiffs for partial summary judgment and denied in part the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs appeal and defendant cross-appeals from an order that, inter alia, denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) and the derivative causes of action and denied that part of defendant's motion for summary judgment dismissing the complaint with respect to the Labor Law § 240 (1) cause of action. We affirm.
Fawzi Abdelhay (plaintiff) sustained injuries while performing electrical work on a construction project on defendant's property. Plaintiff's injuries occurred when he fell off of an A-frame ladder after he rested his foot on a shelf in order to reach tape being passed to him through an electrical conduit and the shelf collapsed. Labor Law § 240 (1) provides in relevant part that contractors and owners in the "erection, demolition, repairing, [or] altering . . . of a building or structure shall furnish or erect, or cause to be furnished or erected . . . ladders . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." " 'Labor Law § 240 (1) was designed to prevent those types of accidents in which the . . . ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person' " (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). The purpose of that section is to protect workers by placing the ultimate responsibility for safety practices on the owner and general contractor, instead of on the workers (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985], rearg denied 65 NY2d 1054 [1985]). Thus, section 240 (1) imposes absolute liability on owners for any breach of the statutory duty that proximately causes injury (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]).
We reject plaintiffs' contention on their appeal that Supreme Court erred in denying their motion with respect to liability on the Labor Law § 240 (1) cause of action. To be entitled to summary judgment on a Labor Law § 240 (1) cause of action, a plaintiff must establish " 'a statutory violation and proximate cause' " (Weitzel v State of New York, 160 AD3d 1394, 1394 [4th Dept 2018]). If the plaintiff meets that burden, "[t]he defendant may . . . defeat [a plaintiff's] entitlement to summary judgment by raising an issue of fact whether the [plaintiff's] [*2]own conduct was the sole proximate cause of the accident" (id. at 1394-1395). Here, although plaintiffs met their initial burden (see generally Lorenti v Stickl Constr. Co., Inc., 78 AD3d 1598, 1599 [4th Dept 2010]; Calderon v Walgreen Co., 72 AD3d 1532, 1533 [4th Dept 2010], appeal dismissed 15 NY3d 900 [2010]; Williams v City of Niagara Falls, 43 AD3d 1426, 1427 [4th Dept 2007]), defendant raised an issue of fact whether plaintiff was the sole proximate cause of his injuries and in particular whether an adequate safety device, i.e., an extension ladder, was "readily available at the work site and whether plaintiff knew that he was expected to use [the extension ladder] but for no good reason chose not to do so" (Banks v LPCiminelli, Inc., 125 AD3d 1334, 1334-1335 [4th Dept 2015]).
We also reject defendant's contention on its cross appeal that the court erred in denying its motion with respect to the Labor Law
§ 240 (1) cause of action inasmuch as defendant's own submissions raised a triable issue of fact whether plaintiff was the sole proximate cause of the accident (see generally Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1402-1403 [4th Dept 2015]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court